IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESUS MARQUEZ CANDELARIA,  Case No. 16-cv-1027-PP

   Petitioner,

v.

DALE J. SCHMIDT,

   Respondent.

**ORDER SCREENING THE PETITION FOR WRIT OF *HABEAS CORPUS*
(DKT. NO 1)**

On August 4, 2016, petitioner Jesus Marquez Candelaria, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Dkt. No. 1. The petition indicates that at that time, the petitioner was being held at the Dodge County Detention Center. Id. at 1. His petition challenges his detention by Immigration and Customs Enforcement ("ICE") and his pretrial detention at the Milwaukee County jail. Id. at 2.

The petition indicates that on July 15, 2016, the petitioner went to the police department, because he'd learned from his neighbors that the police had visited his residence. Id. at 10. Once at the police station, he learned that there was a warrant for his arrest based on allegations of sexual assault. Id. The petitioner indicated that the arrest was the result of a false allegation made by his child's mother. Id. at 11. Consequently, the petitioner claims that the police illegally arrested and held him for over forty-eight hours. Id. at 4, 10. In support of this allegation, the petitioner attached an exhibit with several

1

inmate property receipts and a letter from the Milwaukee County Sheriff, stating that the petitioner was incarcerated in the Milwaukee County jail from July 18, 2016 to July 21, 2016. Dkt. No. 1-1. At that point, the petitioner was turned over Immigration and Customs Enforcement ("ICE"). Dkt. No. 1 at 11.

The petitioner alleges that he never received a preliminary hearing or a detention hearing, and that he is not guilty of anything. Dkt. No. 1 at 10-12. Thus, he asks to be released from custody.

In accordance with Rule 1(b) of the Rules Governing 2254 Cases and Civil L. R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345614, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The United States Court of Appeals for the Seventh Circuit has specifically addressed the petitioner's situation. In Arias v. Rogers, 676 F.2d 1139 (7th Cir. 1982), Judge Posner held that "once deportation proceedings have begun, the legality of the alien's detention can no longer be tested by way of a habeas corpus proceeding." He then added the qualification that this rule applies only if the proceedings are begun with reasonable promptness. Id. at

2

1143-44. The court cannot determine from review of the petition, whether ICE has commenced deportation proceedings. The petitioner states that he did not receive a hearing on his arrest. Thus, the court construes his petition as an allegation that ICE did not begin his deportation proceeding with reasonable promptness.

At this point, based on the spare facts in the petition, the court cannot conclude that the petitioner is not entitled to relief from the district court. Accordingly, the court will require the respondent to answer or otherwise respond to the complaint.

Accordingly, the court **ORDERS** the respondent to answer or otherwise respond to the petition within **sixty (60) days of the date of this order,** showing cause why a writ should not issue with respect to the petition for *habeas corpus*. If the petitioner chooses to file a reply, the court **ORDERS** the petitioner must file that reply in support of his petition within **forty-five (45) days** of the filing of the respondent's answer.

The court will send a copy of the petition and this order to the Dodge County Sheriff. Pursuant to Fed. R. Civ. P. 4(i), the court also will send a copy of the petition and this order to the United States Attorney for this District, and via registered or certified mail to the United States Attorney General in

3

Washington, D.C., the United States Immigration and Customs Enforcement, and the United States Department of Homeland Security.

Dated in Milwaukee, Wisconsin this 8th day of October, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge