UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESUS MARQUEZ CANDELARIA,             Case No. 16-cv-1027-PP

           Petitioner,

v.

DALE J. SCHMIDT,

           Respondent.

---

**ORDER DENYING PETITION FOR
A WRIT OF *HABEAS CORPUS* (DKT. NO. 1).**

---

On August 4, 2016, petitioner Jesus Marquez Candelaria filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. The petition indicates that, at that time, the petitioner was being held at the Dodge County Detention Center. Id. at 1. His petition challenged his detention by Immigration and Customs Enforcement ("ICE") and his pretrial detention at the Milwaukee County jail. Id. at 2. The petitioner has since been released, which moots his petition.

## I. FACTUAL BACKGROUND

The petition indicates that on July 15, 2016, the petitioner went to the police department, because he'd learned from his neighbors that the police had visited his residence. Id. at 10. Once at the police station, he learned that there was a warrant for his arrest based on allegations of sexual assault. Id. The petitioner indicated that the arrest was the result of a false allegation made by

1

his child's mother. Id. at 11. Consequently, he claims that the police illegally arrested and detained him for over forty-eight hours. Id. at 4, 10. In support of this allegation, the petitioner attached an exhibit with several inmate property receipts and a letter from the Milwaukee County Sheriff, stating that the petitioner was incarcerated in the Milwaukee County jail from July 18, 2016 to July 21, 2016. Dkt. No. 1-1. The petitioner eventually was turned over to Immigration and Customs Enforcement ("ICE"). Dkt. No. 1 at 11.

The petitioner alleged that he never received a preliminary hearing or a detention hearing, and that he was not guilty of anything. Dkt. No. 1 at 10-12. He asked this court to release him from custody. Id.

After the petitioner filed this petition, he appeared before an immigration judge. Dkt. No. 7-1 at 2. On March 29, 2017, the respondent filed a "Suggestion of Mootness," suggesting that the case was moot because the petitioner had been released from ICE custody on January 6, 2017. Dkt. No. 11 at 1. The court agrees that the petition now is moot.

## II. STANDARD

Although the law allows authorities to detain an alien for ninety days pending removal, 8 U.S.C. §1231(a)(1)(A), some aliens, including those who have committed certain crimes or have "been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period . . . ." 8 U.S.C. §1231(a)(6). This detention period is not indefinite. Zadvydas, 533 U.S. 678, 701 (2001). The Supreme Court has held that a period of detention remains

presumptively reasonable for six months. Id.; but see 8 C.F.R. §241.14. An alien who wishes to challenge the length of his detention may file a petition for a writ of *habeas corpus*. Zadvydas, 533 U.S. at 687 (citing 28 U.S.C. §2241(c)(3)).

Release from custody does not automatically render a *habeas* petition moot. The "in custody" requirement of 28 U.S.C. §2241(c) is satisfied at the time of the filing of the petition. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Othman v. Gonzales, No. 07-cv-13, 2010 WL 1132669, at *2 (S.D. Ill., Mar. 1, 2010) (finding a post-removal detainee "who is released while his petition for writ of *habeas corpus* is pending still meets the 'in custody' requirement; his release does not necessarily render his petition moot.") After a *habeas* petitioner has been released from custody, however, the petitioner must demonstrate that some "concrete and continuing injury" or "collateral consequences" resulted from the detention in order for the petition to present a continued case or controversy. Spencer, 523 U.S. at 7 (explaining that the petitioner still must present a "case or controversy" under Article III, §2 of the Constitution for the court to be able to grant relief to the petitioner.) "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" Id. (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). If the injury cannot be redressed by a favorable judicial decision, the court must dismiss the petition as moot. A.M. v. Butler, 360 F.3d 787, 790 (7th Cir. 2004) (citations omitted).

## III. DISCUSSION

Here, the petitioner challenged his arrest and sought to be released from custody. Dkt No. 1 at 12. The injury that he alleged was that he had been detained, without a preliminary hearing and without bail, on what he alleged were false charges. He has not alleged that he remains subject to some order or restriction since his release (indeed, the court has received no communications from the petitioner since he filed the petition on August 4, 2016) . See Alvarez v. Holder, 454 F. App'x 769, 772-73 (11th Cir. 2011) (concluding that a *habeas* petition was not mooted by the petitioner's release from ICE custody because he remained subject to a supervised release order, which the petitioner challenged). The petitioner is no longer being detained—lawfully or otherwise. The court has no basis for concluding that there is a "concrete and continuing injury" to support the petition.

The court has the discretion to provide the petitioner with the opportunity to file a pleading detailing any injury. This petitioner, however, has not updated his address since his release. The petitioner failed to file a reply to the respondent's Suggestion of Mootness. It appears that he has moved on with his life, and has no wish to continue this litigation. If, within a reasonable amount of time, the petitioner files a motion to reopen, the court will consider that motion.

## III. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks omitted).

The court concludes that its decision to dismiss the petitioner's case as moot is neither incorrect nor debatable among jurists of reason. The petitioner is no longer in custody and has not filed a brief demonstrating any interest in pursuing his petition.

## IV. CONCLUSION

The court **DENIES** the petitioner's writ of *habeas corpus*, dkt. no. 1, and **DECLINES** to issue a certificate of appealability. The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 8th day of May, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge